**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Charles N. PAXTON, Jr., a/k/a Chuck, Defendant–Appellant.**

No. 01–4139.

United States Court of Appeals, Fourth Circuit.

Submitted June 12, 2001.

Decided July 3, 2001.

David R. Bungard, Robinson & McEl-
wee, L.L.P., Charleston, WV, for appel-
lant. Rebecca A. Betts, United States At-
torney, John C. Parr, Assistant United
States Attorney, Charleston, WV, for ap-
pellee.

Before WIDENER, WILKINS, and
LUTTIG, Circuit Judges.

OPINION

PER CURIAM.

Charles N. Paxton, Jr., pled guilty to
robbery involving a controlled substance,
18 U.S.C. §§ 2113(a), 2 (1994), and was
sentenced to a term of 108 months impris-
onment. Paxton appeals his sentence, ar-
guing that the district court erred in using
the estimated street value of the stolen
controlled substances to determine the
amount of loss under *U.S. Sentencing
Guidelines Manual* § 2B3.1(b)(7) (2000).
We affirm.

The government and Paxton's attorney
stipulated that the estimated street value
of the controlled substances stolen by Pax-
ton and his co-defendant from the Alum
Creek Pharmacy was more than $10,000.
Consequently, the district court deter-
mined that a one-level enhancement was
required under § 2B3.1(b)(7). Application
Note 3 to § 2B3.1 states that the amount
of loss is determined according to the com-
mentary to § 2B1.1. Application Note 5 to
§ 2B1 .1 directs that, in determining the
amount of loss, controlled substances are
"valued at their estimated street value."
The district court followed these guidelines
in determining that Paxton's robbery of
the Alum Creek Pharmacy involved a loss
exceeding $10,000.

Paxton argues that the Sentencing Com-
mission's use of the term "should" in Ap-
plication Note 5 to § 1B1.1 makes valua-
tion of drugs at street value discretionary
rather than mandatory. He acknowledges
that no cases support his position, which
would require the district court to disre-
gard the sentencing guidelines and com-
mentary. As the government notes in its
brief, the Supreme Court held in *Stinson
v. United States*, 508 U.S. 36, 38, 113 S.Ct.
1913, 123 L.Ed.2d 598 (1993), that com-
mentary interpreting or explaining a
guideline is authoritative unless it violates
federal law or is inconsistent with or a
plainly erroneous reading of the guideline.
Paxton has not shown that the application
notes at issue here meet that test.

Paxton further contends that the higher
street value does not reflect the actual loss
or harm to the victim, and that use of the
lower retail value would be consistent with
the Supreme Court interpreted the restitu-
tion requirement of 18 U.S.C.A. § 3663(a)
(West 2000) in *Hughey v. United States*,
495 U.S. 411, 420, 110 S.Ct. 1979, 109
L.Ed.2d 408 (1990) (holding that restitu-
tion may not be ordered for losses result-
ing from offenses other than the offense of
conviction). *Hughey* is not germane to the
argument Paxton is making because it
deals with restitution rather than valuation
of loss under the sentencing guidelines.
We note that, because robbery is not an
offense which must be grouped under
USSG § 2D1.1(d) when there are multiple
counts, Paxton's relevant conduct included
only acts that occurred during the offense
of conviction—the robbery of the Alum
Creek Pharmacy. *See* USSG
§ 1B1.3(a)(1), (2); USSG § 3D1.2(d).

In sum, we find that the district court
did not err in following Application Note 5
to § 2B1.1 and using the estimated street

value of the stolen controlled substances to determine the amount of loss.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*